# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

No. 24-3445
No. 25-1053

DRAKE UNIVERSITY,

*Appellee-Cross Appellant*,

v.

DES MOINES AREA COMMUNITY COLLEGE FOUNDATION and DES MOINES AREA COMMUNITY COLLEGE,

*Appellants-Cross Appellee*

APPEAL FROM THE U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

Case No. 4:24-cv-227
HON. STEPHANIE M. ROSE

**APPELLEE/CROSS-APPELLANT'S REPLY TO
MOTION TO SUPPLEMENT RECORD**

## ARGUMENT

Plaintiff-Appellee / Cross-Appellant Drake University ("Drake") hereby replies to Defendants-Appellants / Cross-Appellees Des Moines Area Community College Foundation and Des Moines Area Community College (collectively "DMACC")'s opposition to Drake's Motion to Supplement the Record. DMACC's opposition is based on Fed. R. App. P. 30(a)(2), which is inapplicable.

In its principal brief in this cross appeal, DMACC cites in support of its position *Iowa Paint Mfg. Co. v. Hirshfield's Paint Mfg., Inc.*, 296 F.Supp.2d 983 (S.D. Iowa 2003). In its own principal brief, Drake distinguished the case from the circumstances present in this appeal. To provide context to the court's findings in *Iowa Paint*, images of the marks at issue are embedded in Drake's brief; those images are taken from the plaintiff's briefing in support of its Motion for Preliminary injunction in *Iowa Paint*.

Drake's principal brief presents the images with a proper Bluebook citation to where the images were found in the *Iowa Paint* proceedings. Additionally, Drake included a reference to its separate appendix, which was intended to include the images for the sole purpose of providing a larger format for this Court's review. A notice of deficiency was issued on the basis that the citation to the separate appendix accompanying the aforementioned images was improper as it failed to also cite to

2

the district court docket. As these two images are not present in the district court docket underlying this appeal, so such citation exists.

Drake submitted a revised principal brief thereafter. A second deficiency notice was issued related to citations to the Addendum. The notice included a note advising Drake that the embedded images are not part of the record on appeal and that a "motion to supplement the record must be filed and a footnote added to the brief regarding the same." In accordance with this instruction, Drake submitted its proof brief with the indicated footnote. The present motion was filed contemporaneously.

DMACC's opposition based on Rule 30(a)(2) does not conform to the implications of the Rule. The exclusion of "memoranda of law in the district court" is directed at memoranda of law pertaining to the *immediate case*. Drake's position is supported by the 1986 Amendments to Rule 30, which noted the Advisory Committee excluded memoranda of law because appendices were "frequently encumbered with memoranda submitted to the trial court." *See United States v. Noall,* 587 F.2d 123, 125 n. 1 (2nd Cir. 1978) (discussing the appendix being "heavily encumbered" with memoranda of law in the district court). Furthermore, Rule 30(a)(2) provides that memoranda of law should be excluded "unless they have independent relevance."

3

The images in this instance are not from the lower court proceedings that lead to this appeal. Instead, they are drawn from court proceedings outside of the present appeal. These images have independent relevance because they provide context to the determination in *Iowa Paint*, on which both parties rely.

Based on Fed. R. App. P. 28(a)(8)(A) and 30, the appropriate Bluebook citation is sufficient without reference to the appendix. Accordingly, should the Court determine that the images should not be included in the appendix, Drake respectfully requests that the Court permit the images to be embedded in its principal brief with the provided Bluebook citation.

Respectfully submitted,

Dated: March 25, 2025            **ZARLEYCONLEY PLC**

By:    /s/John D. Gilbertson
John D. Gilbertson, AT0014515
Joshua J. Conley, AT0011828
580 Market Street, Suite 101
West Des Moines, IA 50266
Telephone: (515) 558-0200
Facsimile: (515) 558-7790
jconley@zarleyconley.com
**ATTORNEYS FOR APPELLEE/CROSS-APPELLANT**

# CERTIFICATE OF COMPLIANCE WITH TYPE VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

   **X** This document contains __533__ words; **or**

   __ This brief uses a monospaced typeface and contains ____ lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

   **X** This document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in 14-point Times New Roman font; **or**

   ___ This document has been prepared in a monospaced typeface using _____ with ____ characters per inch in ___ style.

3. The undersigned further certifies that the electronic version of this brief has been scanned for viruses and is virus-free.

Dated: March 25, 2025          /s/John D. Gilbertson
                                                 John D. Gilbertson
                                                 Attorney for Appellee/Cross-Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2025, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/John D. Gilbertson